IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | CIVIL ACTION NO:<br>) |
| PORT AUTHORITY OF NEW YORK AND NEW JERSEY | )<br>) COMPLAINT<br>) |
| Defendant. | ) JURY TRIAL DEMANDED<br>) |

## NATURE OF THE ACTION

This is an action under the Equal Pay Act of 1963 to restrain the unlawful payment of wages to employees of one sex at rates less than the rates paid to employees of the opposite sex, to correct unlawful employment practices on the basis of sex, to provide appropriate relief due to Charging Parties Leslie Lyken, Dolores Ward, Lynda Calore, Claimant Shirley Spira, and a class of female employees as a result of such unlawful practices, and to collect back wages and liquidated damages due to female employees as a result of such unlawful payments. As alleged with greater particularity below, the Port Authority of New York and New Jersey ("Port Authority"), has paid and continues to pay a class of non-supervisory female attorneys at wage rates that are less than the rates paid to its male employees performing substantially equal work, because of their sex.

This is also an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Dolores Ward and Shirley Spira. As alleged with greater particularity below, the Port Authority discharged Dolores Ward and Shirley Spira, both age 40 or older, because of their age.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §§ 216(c) and 217 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217, to enforce the requirements of the Equal Pay Act of 1963, codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d), and also authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference §§ 216(c) and 217 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District Court of New York.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the Equal Pay Act and the ADEA, and is expressly authorized to bring this action by Sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217, as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705; and by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, the Port Authority has continuously been a bistate agency that reports to the governors of New York and New Jersey.

5. At all relevant times, the Port Authority has continuously been a public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. § 203(x) and has continuously had at least 20 employees.

6. At all relevant times, the Port Authority has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and Section 262 (a) of the Portal–to-Portal Act. 29 U.S.C §262.

7. At all relevant times, the Port Authority has continuously been an enterprise engaged in commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s), in that said enterprise has continuously conducted activities of a public agency.

8. At all relevant times, the Port Authority has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. § 630(b).

## CONCILIATION

9. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF EQUAL PAY ACT CLAIMS

10. Since at least January 1, 2006, the Port Authority has violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), as follows:

   a. The Port Authority has paid and continues to pay wages to its non-supervisory female attorneys at rates less than the rates paid to male employees in the same establishments for substantially equal work for jobs

the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions;

b. The Port Authority has paid and continues to pay non-supervisory female attorneys yearly salaries that are thousands of dollars less than the salaries paid to non-supervisory male attorneys who have substantially similar lengths of service and experience;

c. The Port Authority has paid and continues to pay a class of non-supervisory female attorneys less than male attorneys having the same job code;

d. The disparity in pay cannot be attributed to factors other than sex.

11. As a result of the acts complained of above, the Port Authority unlawfully has withheld and is continuing to withhold the payment of wages due to Leslie Lyken, Dolores Ward, Lynda Calore, Shirley Spira and a class of non-supervisory female attorneys.

12. The unlawful practices complained of in paragraph above were and are willful.

## STATEMENT OF ADEA CLAIMS

13. Since at least 2007 the Port Authority engaged in unlawful employment practices at its New York office, in violation of the ADEA, 29 U.S.C. ¶ 623, as follows:

a. The Port Authority discharged attorney Dolores Ward, age 55, on or about October 1, 2007, because of her age;

b. The Port Authority discharged attorney Shirley Spira, age 57, on or about September 17, 2007, because of her age;

c. Ward and Spira were performing satisfactorily at the time the Port Authority discharged them;

  d. Within months of discharging Ward and Spira, the Port Authority hired less experienced attorneys who were under the age of 40;

  e. The Port Authority and its Executive Director, managers and supervisors made numerous comments indicating age bias, including stating that "We're bringing in younger attorneys," stating that "We're going to remake this agency with young, fresh faces," and issued a memo on or about April 2, 2007 discussing the Port Authority's alleged difficulty in its "ability to seek out, attract and retain young attorneys."

14. The effect of the practices complained of above has been to deprive Ward and Spira of equal employment opportunities and otherwise adversely affect their status as employees, because of their age.

15. The unlawful employment practices complained of above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

A. Grant a permanent injunction enjoining the Port Authority, its officers, agents, servants, employees, successors, assigns and all persons in active concert or participation with it, from discriminating against individuals because of their sex.

B. Grant a permanent injunction enjoining the Port Authority, its officers, agents, servants, employees successors, assigns and all persons in active concert or participation with it, from discriminating within any of its establishments between employees on the basis of sex, by paying wages to employees of one sex at rates less than the rates at which it pays wages to employees of the opposite sex for substantially equal work on jobs the performance of which

requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

    C.    Grant a permanent injunction enjoining the Port Authority, its officers, agents, servants, employees successors, assigns and all persons in active concert or participation with it, from discriminating against individuals because of their age.

    D.    Order the Port Authority to institute and carry out policies, practices and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

    E.    Order the Port Authority to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals age 40 or older, and which eradicate the effects of its past and present unlawful employment practices.

    F.    Grant a judgment requiring the Port Authority to pay appropriate back wages in amounts to be determined at trial, an equal sum as liquidated damages, or prejudgment interest in lieu thereof, to employees whose wages are have been and are being unlawfully withheld as a result of the acts complained of above regarding pay discrimination on the basis of sex, including Leslie Lyken, Dolores Ward, Lynda Calore, Shirley Spira and a class of non-supervisory female attorneys.

    G.    Grant a judgment requiring the Port Authority to pay appropriate back wages in amounts to be determined at trial, an equal sum as liquidated damages, or prejudgment interest in lieu thereof, to employees whose wages are being unlawfully withheld as a result of the acts complained of above regarding age discrimination to Dolores Ward and Shirley Spira.

    H.    Order the Port Authority to make whole all individuals adversely affected by the unlawful practices described above regarding age discrimination, by providing the affirmative

relief necessary to eradicate the effects of its unlawful practices, including but not limited to reinstatement of Ward and Spira.

 I. Grant such further relief as this Court deems necessary and proper in the public interest.

 J. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: New York, New York  
   September 29, 2010

Respectfully Submitted

P. David Lopez  
General Counsel

James L. Lee  
Deputy General Counsel

Gwendolyn Y. Reams  
Associate General Counsel

_____  
Elizabeth Grossman  
Regional Attorney  
elizabeth.grossman@eeoc.gov

_____  
Judy Keenan  
Supervisory Trial Attorney  
judy.keenan@eeoc.gov

_____  
Louis Graziano  
Trial Attorney (LG0530)  
louis.graziano@eeoc.gov

Rosemary Disavino
Trial Attorney
rosemary.disavino@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New York District Office
33 Whitehall St, 5th Floor
New York NY 10004
(212) 336-3698